IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL E. BULLOCK,          )<br>            Plaintiff,                      )<br>                                              )<br>      VS.                                    )<br>                                              )<br>UNITED STATES OF AMERICA,   )<br>            Defendant.                   ) | No. 1:20-cv-1209 |

## COMPLAINT FOR DAMAGES

Comes now Plaintiff, Michael E. Bullock, and in support of his Complaint for Damages, states as follows:

1. This is a matter involving the Federal Tort Claims Act pursuant to 28 U.S.C. §§ 2671 et seq.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

3. Venue is proper in this Court as the actions upon which this Complaint for Damages is based are alleged to have occurred in Indianapolis, Marion County, Indiana.

4. Prior to filing this Complaint, Plaintiff exhausted all administrative remedies as required by the Federal Tort Claims Act.

5. At all times material hereto, Plaintiff Michael E. Bullock ("Plaintiff") was a resident of the state of Illinois.

6. Plaintiff's claims under the FTCA are against the United States of America acting through Dr. Kevin E. Lai, an employee of the Department of Veterans Affairs which is an agency of the United States and within the scope of his employment as a Medical Officer, at all times relevant to this Complaint.

7. On or about September 1, 2017, Plaintiff underwent a surgical procedure performed by Dr. Lai at the Roudebush Medical Center in Indianapolis, Indiana, for oculoplastic for both eyes, left inferior rectus release, and bilateral medical rectus recess.

8. In rendering medical care to Plaintiff, Defendant, though its employee, owed a duty to Plaintiff to exercise the degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which he belonged, acting under the same or similar circumstances.

9. Defendant's employee breached the duties he owed to Plaintiff by failing to conduct the September 1, 2017, surgery in a manner that complied with the applicable standard of care.

10. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained bodily injuries and damages that have resulted in pain and suffering, emotional distress, and mental anguish.

11. As a direct and proximate result of Defendant's negligence, Plaintiff was required to engage the services of medical providers, and has incurred medical expenses as a result, and said medical expenses are expected to continue in the future.

12. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred and will continue to incur a loss of enjoyment of life.

13. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred, and is reasonably expected to incur in the future, a loss of income and other benefits associated with employment.

14. As a direct and proximate result Defendants' negligence, Plaintiff has been damaged.

15. Plaintiff demands that this matter be tried before a jury.

WHEREFORE, Plaintiff prays for a reasonable judgment against Defendant, and for all other relief just and proper in the premises.

        Respectfully submitted,

        */s/ Thomas S. Bowman*
        Dawn E. Wellman #1030-45
        Thomas S. Bowman, #30532-64

ALLEN WELLMAN McNEW HARVEY, LLP
Five Courthouse Plaza
P. O. Box 455
Greenfield, Indiana 46140
(317) 462-3455
Fax: (317) 467-6109
dew@awmh.net; tsb@awmh.net